IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WORLDVENTURES HOLDINGS, LLC, | § § § § | |
| Plaintiff, | § § | |
| vs | § § | CIVIL ACTION NO. _____ |
| T-MOBILE USA, INC., | § § § | |
| Defendant | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff WorldVentures Holdings, LLC ("*WorldVentures*"), and for cause of action against T-Mobile USA, Inc. ("*T-Mobile*"), respectfully would show the Court as follows:

### I.

### PARTIES

1. WorldVentures is a Nevada Corporation with its corporate headquarters in Plano, Texas.

2. T-Mobile is a Delaware Corporation registered to do business in Texas that may be served with process by serving its registered agent, Corporation Service Company at 211 E. 7th Street, Austin, Texas 78701-3218.

### II.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over WorldVentures' Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. The Court also has

pendant jurisdiction over WorldVentures' other claims. Additionally, the Court has personal jurisdiction over T-Mobile because T-Mobile has purposefully availed itself of the privilege of conducting activities within this State by selling goods and services within the State, owning and operating various retail stores in the State, and by designating a registered agent for service of process in the State.

4. Venue is appropriate in the Eastern District of Texas by virtue of 28 U.S.C. § 1391(b) (1) and (2) because T-Mobile is a resident of Texas pursuant to 28 U.S.C. § 1391(c)(2) and a substantial part of the acts or omissions giving rise to WorldVentures' claims occurred in the Eastern District of Texas, including injury to WorldVentures.

### III.

### BACKGROUND FACTS

5. WorldVentures owns the trademark YOU SHOULD BE HERE ("*YOU SHOULD BE HERE Registered Mark*"). The YOU SHOULD BE HERE Mark (Registration Number 4236938) was registered with the United States Patent and Trademark Office on November 6, 2012 in International Classes 039, 041 and 043.

6. WorldVentures has used the YOU SHOULD BE HERE Registered Mark continuously on and/or in connection with travel related services since as least as early as March of 2009. The scope of WorldVentures' use of the YOU SHOULD BE HERE Registered Mark has been substantial and has occurred throughout the United States, as well as in other countries. The YOU SHOULD BE HERE Registered Mark has been a famous and distinctive trademark at all times relevant to this lawsuit.

7. As part of WorldVentures' business operations and at WorldVentures' request, WorldVentures' customers and representatives take photographs of themselves while on vacation holding a WorldVentures' sign that bears the YOU SHOULD BE HERE Registered Mark.

WorldVentures' customers and representatives post these photographs to the various social media platforms, including Facebook, Twitter and Instagram, marked with the hashtags #ysbh, #wvsuccess and #wvchange. WorldVentures also maintains a website with the address http://www.youshouldbehere.com, upon which WorldVentures posts additional photographs of WorldVentures' customers' and representatives holding the YOU SHOULD BE HERE sign, along with customers and representatives' stories of their experiences with WorldVentures. These photographs utilizing WorldVentures' YOU SHOULD BE HERE Mark are an important part of WorldVentures' business plan and marketing efforts, as each photograph provides a valuable, widely recognized advertisement for WorldVentures' programs and services.

8. On or about July 3, 2014, T-Mobile began an advertising campaign including a promotion to attract customers from other mobile telephone service providers, which, in part, uses a contest with the grand prize being an all-expense paid vacation for two to Venice, Italy or Costa Rica. The advertising campaign involves photographs T-Mobile posted to its Facebook and Twitter pages bearing the "You should be here" phrase (collectively, the "*Infringing Photographs*"). The Infringing Photographs may be found at:

https://twitter.com/TMobile/status/491727527870599169;

https://www.facebook.com/TMobile/photos/pb.108726828894.-2207520000.1406154915./10152489280438895/?type=3&theater.

The Infringing Photographs are presented in essentially the same manner as the photographs used by WorldVentures and posted by WorldVentures' customers and representatives, namely, a young woman in the streets of Venice, Italy and another young woman on the beaches of Costa Rica, each holding up signs that read "You should be here." Attached hereto as **Exhibit A** and incorporated herein by reference are true and correct copies of the Infringing Photographs.

9. On July 25, 2014, WorldVentures made demand upon T-Mobile to immediately cease use of YOU SHOULD BE HERE and to confirm in writing no later than July 29, 2014 that it had done so. T-Mobile responded through counsel and refused to cease use of WorldVentures' YOU SHOULD BE HERE mark. As of this lawsuit being filed, upon information and belief, T-Mobile has yet to cease use of the YOU SHOULD BE HERE Mark because the infringing photographs may still be found on T-Mobile's Facebook and Twitter pages.

10. T-Mobile has no trademark or other rights in or to "You should be here"; and T-Mobile's use of "You should be here" is identical in sight and sound to the YOU SHOULD BE HERE Registered Mark. Therefore, T-Mobile's use of "You should be here" infringes against, and misappropriates, the lawful and superior rights of WorldVentures in and to the YOU SHOULD BE HERE Registered Mark.

## IV.

### FIRST CAUSE OF ACTION:
### FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(1) (a) and 1125(a)

11. WorldVentures restates, reallages and incorporates by reference paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. The YOU SHOULD BE HERE Registered Mark and the goodwill of the business and services associated with it in the United States and throughout the world are of great and incalculable value, highly distinctive and arbitrary, and associated in the public mind with the unique and superior services provided by WorldVentures.

13. Without WorldVentures authorization or consent, and upon information and belief having knowledge of WorldVenture's well-known YOU SHOULD BE HERE Registered Mark, T-Mobile used the YOU SHOULD BE HERE Registered Mark on its Twitter and Facebook

pages to market its own products and related travel opportunities and, despite demand, the Infringing Photographs continue to be displayed on T-Mobile's Facebook and Twitter pages.

14. As described above, T-Mobile's use of "You should be here" is likely to cause confusion or mistake amongst consumers and/or to deceive as to the affiliation, connection or association of T-Mobile with WorldVentures, or as to the origin, sponsorship or approval of T-Mobile's goods, services, or commercial activities by WorldVentures.

15. WorldVentures' first use of the YOU SHOULD BE HERE Registered Mark in interstate commerce occurred at least as early as March of 2009 and predates any use by T-Mobile of "You should be here", which, on information, first occurred in or about July of 2014.

16. T-Mobile's use of "You should be here" constitutes a use in commerce of a reproduction, copy or colorable imitation of the YOU SHOULD BE HERE Registered Mark in connection with the sale, offering for sale, distribution or advertising of goods and services. Such use is likely to cause confusion, mistake or to deceive consumers.

17. T-Mobile's use of "You should be here" also constitutes the use of a word, term, name, symbol or device, namely the phrase "You should be here" printed on signs held by individuals in various travel destinations, which is likely to cause confusion or mistake, or to deceive as to the affiliation, connection or association of the programs and services of T-Mobile with WorldVentures, or as to the origin, sponsorship or approval of WorldVentures of the programs and services of T-Mobile.

18. As a result of T-Mobile's actions, WorldVentures has been damaged in an amount to be ascertained.

## V.

## SECOND CAUSE OF ACTION:
### FEDERAL TRADEMARK DILUTION – 15 U.S.C. § 1125(c)

19. WorldVentures restates, reallages and incorporates by reference paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. The YOU SHOULD BE HERE Registered Mark is a "famous" and/or distinctive registered trademark owned by WorldVentures. The YOU SHOULD BE HERE Registered Mark was registered by WorldVentures on November 6, 2012 and has been used continuously by WorldVentures since at least as early as March of 2009. The YOU SHOULD BE HERE Registered Mark has been used by WorldVentures to market its services throughout the world, and has become a primary marketing and advertising tool for WorldVentures. WorldVentures has millions of dollars in annual sales associated with the YOU SHOULD BE HERE Registered Mark.

21. T-Mobile's unauthorized use of "You should be here" has diluted the quality of the YOU SHOULD BE HERE Registered Mark by impairing the distinctiveness of the mark and diminishing the capacity of the YOU SHOULD BE HERE Registered Mark to identify and distinguish WorldVentures' travel related services in violation of 15 U.S.C. § 1125(c).

22. As a result of T-Mobile's actions, WorldVentures has been damaged in an amount to be ascertained.

## VI.

## THIRD CAUSE OF ACTION:
### COMMON LAW TRADEMARK INFRINGEMENT

23. WorldVentures restates, reallages and incorporates by reference paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. WorldVentures has built up valuable goodwill in the YOU SHOULD BE HERE Registered Mark. WorldVentures has prior interest and use in "You Should Be Here" under the YOU SHOULD BE HERE Registered Mark.

25. With full knowledge of the fame of the YOU SHOULD BE HERE Registered Mark, T-Mobile has traded and marketed on the goodwill associated with the YOU SHOULD BE HERE Registered Mark, and mislead the public into assuming a connection between T-Mobile's products and WorldVentures.

26. T-Mobile's unauthorized use of the YOU SHOULD BE HERE Registered Mark in association with their products and services is likely to create confusion amongst consumers or to cause mistake, or to deceive as to the affiliation, connection or association of T-Mobile with WorldVentures, or as to the origin, sponsorship or approval of T-Mobile's goods, services or commercial activities by WorldVentures.

27. As a result of T-Mobile's actions, WorldVentures has been damaged in an amount to be ascertained.

## VII.

### FOURTH CAUSE OF ACTION:
### REQUEST FOR PERMANENT INJUNCTION

28. WorldVentures restates, reallages and incorporates by reference paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Pursuant to 15 U.S.C. § 1116, under the principles of equity, WorldVentures is entitled to injunctive relief to prevent T-Mobile from further violating WorldVentures rights in the YOU SHOULD BE HERE Registered Mark.

30. WorldVentures is without adequate remedy at law and, if T-Mobile's activities are not enjoined, WorldVentures will continue to suffer irreparable harm and injury to its

goodwill and reputation. Thus, WorldVentures seeks a permanent injunction against T-Mobile enjoining T-Mobile from using the YOU SHOULD BE HERE Mark in any way at any and all times in the future.

## VIII.

## ATTORNEYS' FEES

31. WorldVentures restates, realleges and incorporates by reference paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. The actions of T-Mobile, as set forth above, have caused WorldVentures to retain the services of the undersigned attorneys to protect its legal rights.

33. T-Mobile's willful and knowing use of the YOU SHOULD BE HERE Registered Mark in the exact same form or fashion as WorldVenture's use of the mark constitutes an exceptional case.

34. Consequently, pursuant to 15 U.S.C. § 1117(a)(3), WorldVentures is entitled to recover its attorneys' fees in this case from T-Mobile.

35. WorldVentures pleads for additional attorneys' fees should this matter be appealed to the 5th Circuit Court of Appeals or the United States Supreme Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff WorldVentures Holdings, LLC respectfully requests that Defendant T-Mobile USA, Inc. be required to answer and appear herein, and that upon trial, this Court enter judgment in favor of WorldVentures and against T-Mobile for the following relief:

(a) actual and statutory damages in an amount to be proven at trial;

(b) prejudgment interest and post-judgment interest to the extent allowed by applicable law;

(c)  reasonable attorneys' fees and expenses incurred by WorldVentures in connection with this lawsuit;

(d)  a permanent injunction permanently enjoining T-Mobile from using, in any way, shape or form, the YOU SHOULD BE HERE Registered Mark; and

(e)  all such other and further relief, both at law and in equity, to which WorldVentures may show itself justly entitled, including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act.

Respectfully submitted,

**HIERSCHE, HAYWARD, DRAKELEY & URBACH, P.C.**

By: _/s/Craig A. Harris_
Craig A. Harris
State Bar No. 9056750
E-mail: charris@hhdulaw.com
Jacob L. McBride
State Bar No. 24070231
E-mail: jmcbride@hhdulaw.com

15303 Dallas Parkway, Suite 700
Addison, Texas  75001
(972) 701-7000
(972) 701-8765 – fax

**ATTORNEYS FOR PLAINTIFF WORLDVENTURES HOLDINGS, LLC**